1   Bradley J. Yourist, Esq., State Bar No. 180025
        *bjy@youristlaw.com*
2   Daniel J. Yourist, Esq., State Bar No. 180026
        *djy@youristlaw.com*
3   YOURIST LAW CORPORATION, APC
    11111 Santa Monica Boulevard, Suite 100
4   Los Angeles, California 90025-3333
    Telephone: (310) 575-1175
5   Facsimile: (310) 575-1167

6   Attorneys for Debtors DEXTER STINSON
    and ALLISON STINSON

7

8

9               **UNITED STATES BANKRUPTCY COURT**

10   **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

11

12   In re:                              )   Case No.: 2:16-bk-17529-BB
                                         )
13       DEXTER DEON STINSON             )   CHAPTER 7
                                         )
14       ALLISON ELIZABETH STINSON       )   NOTICE OF MOTION AND
                                         )   MOTION FOR ORDER
15               Debtor(s).              )   AUTHORIZING DEBTORS
                                         )   ENTERING INTO LOAN
16                                       )   MODIFICATION AGREEMENT
                                         )   WITH OCWEN; DECLARATION
17                                       )   OF BRADLEY J. YOURIST AND
                                         )   EXHIBITS IN SUPPORT
                                         )   THEREOF
18                                       )
                                         )   [No Hearing Required]
19                                       )
                                         )
20                                       )
                                         )
21   _____)

22          TO THE HONORABLE SHERI BLUEBOND, UNITED STATES

23   BANKRUPTCY JUDGE, CHAPTER 7 TRUSTEE AND ALL PARTIES IN

24   INTEREST:

25

26

27                                 1

28

1    PLEASE TAKE NOTICE that DEXTER STINSON and ALLISON

2  STINSON (collectively "Movants" or "Debtors"), the Debtors in the above

3  captioned case, by and through undersigned counsel, hereby moves the Court for

4  an order allowing Debtor to enter into a Loan Modification Agreement reached

5  between Debtors and Ocwen Loan Servicing ("Creditor").

6    PLEASE TAKE FURTHER NOTICE that if you oppose this motion, you

7  must file and serve a written response no later than fourteen (14) days after the

8  service date of this document. Failure to do so may result in the relief requested

9  being granted without further notice.

10    The motion is based on this notice, the motion and the Declaration of

11  Bradley J. Yourist, and exhibits in support thereof as well as any information or

12  evidence on file with the Court or judicially noticed and any further evidence or

13  argument that may be represented at the time of hearing.

14

15  Dated: September 16, 2016

                                    YOURIST LAW CORPORATION, APC

17

                         By:    _____

                                    BRADLEY J. YOURIST
                                    Attorneys for Debtors, DEXTER STINSON
                                    and ALLISON STINSON

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      Jurisdiction

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334.  The Debtors in this Chapter 7 are interested parties, and have standing to bring this motion.

### II.      Introduction

Debtors bring this motion to obtain an order from this Court granting them authority to enter into the loan modification agreement set forth herein.  A true and correct copy of the Loan Modification Agreement is attached hereto as Exhibit 1 (the "Loan Modification").

### III.      Factual Background

The real property at issue in this motion is commonly referred to as 1901 Thistle Avenue, Palmdale, California 93550 (the "Real Property").  The Real Property is the primary residence of the Debtors.  The holder of the first deed of trust and promissory note is Ocwen Loan Servicing, LLC.

The amount of the proposed principal balance pursuant the Loan Modification Agreement is $272,817.06 (See Exhibit 1, Page 18).  The proposed modified mortgage payment is $1,102.26, commencing 10/01/2016, and ending 9/01/2021, is an Interest Only Loan that includes property taxes and insurance. The differential between the un-modified mortgage payment and proposed modified mortgage payment amounts to a monthly savings of $996.23 for the next five years of the mortgage (the "Savings").  The Savings offered by Ocwen Loan Servicing, LLC is a significant benefit to the Debtors short term.

### IV.      Argument

The Court has the inherent power and authority to grant this Motion pursuant to 11 U.S.C. § 105(a) which reads in pertinent part, "The court may issue

3

1  any order, process or judgment that is necessary or appropriate to carry out the

2  provisions of this title...."

3       In this case, the Debtors seek an order authorizing them to enter into the

4  Loan Modification of their mortgage payment which will confer a substantial

5  benefit on them over the life of their mortgage and allow them to remain in their

6  primary residence.

7       **V.    Conclusion**

8       The Debtors respectfully request that this motion be granted, and the Court

9  grant authority of the Debtors to enter into the Loan Modification with Ocwen

10  Loan Servicing, LLC.

11       This motion is solely limited to approval to enter into the Loan

12  Modification, and not approve the terms of the Loan Modification, and for such

13  other relief as the Court deems just and proper.

14

15  Dated: September 16, 2016

                         YOURIST LAW CORPORATION, APC

16

17

18                  By:   _____

19                         BRADLEY J. YOURIST
                         Attorneys for Debtors, DEXTER STINSON
20                         and ALLISON STINSON

21

22

23

24

25

26

27                              4

28

## DECLARATION OF BRADLEY J. YOURIST

I, Bradley J. Yourist, declare:

1.    I am a shareholder in Yourist Law Corporation, counsel of record in the above referenced matter. I am duly licensed to practice law in all of the courts within the United States Bankruptcy Court, and throughout the State of California and have personal knowledge of the facts set forth in this declaration. If called upon to do so, I could and would competently testify to the facts stated within.

2.    Attached hereto as Exhibit 1 is a true and correct copy of the Loan Modification Agreement (the "Loan Modification").

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the 16th of September 2016 in Los Angeles, California.

BRADLEY J. YOURIST

5

| In re: | CHAPTER: 7 |
| --- | --- |
| **Dexter Deon Stinson**<br>**Allison Elizabeth Stinson**<br><br>Debtor(s). | CASE NUMBER: **2:16-bk-17529-BB** |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**11111 Santa Monica Boulevard, Suite 100**
**Los Angeles, CA 90025**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER
AUTHORIZING DEBTORS ENTERING INTO LOAN MODIFICATION AGREEMENT WITH OCWEN; DECLARATION OF BRADLEY
J. YOURIST AND EXHIBITS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and
manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR,
the foregoing document will be served by the court via NEF and hyperlink to the document. On **09/16/2016**, I checked the CM/ECF
docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice
List to receive NEF transmission at the email addresses stated below:

| | |
| --- | --- |
| Elissa Miller (TR) | CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| Bradley J Yourist | byourist@gmail.com, djy@youristlaw.com;atroy@youristlaw.com |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **09/16/2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.

**Hon Sheri Bluebond**
**United States Bankruptcy Court**
**Central District of California**
**Edward R. Roybal Federal Building and Courthouse**
**255 E. Temple Street, Suite 1534**
**Los Angeles, CA 90012**

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each
person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by
personal delivery, overnight mail service, or (for those who consented in writing to such service method) by facsimile transmission
and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be
completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 16, 2016 | Adam Troy | |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**9013-3.1.PROOF.SERVICE**

Dexter Deon Stinson
1901 Thistle Ave
Palmdale, CA 93550-7365


Allison Elizabeth Stinson
1901 Thistle Ave
Palmdale, CA 93550-7365


BRADLEY J. YOURIST
Yourist Law Corporation, a Professional corporation
11111 Santa Monica Boulevard, Suite 100
Los Angeles, CA 90025


American InfoSource, LP
PO Box 268941
Oklahoma City, OK 73126-8941


ARCO Business Solutions
PO Box 70995
Charlotte, NC 28272-0995


Bonnie Lane
3575 Cahuenga Blvd West Ste 580
Los Angeles, CA 90068


Cavalry Portfolio Svcs
c/o Winn Law Group
110 E Wilshire Ave Ste 212
Fullerton, CA 92832


Chevron and Texaco Universal Card
PO Box 923928
Norcross, GA 30010

Department of Treasury
Financial Management Service
DMSC - Birmingham Office
PO Box 830794
Birmingham, AL 35283-0794


Ditech Financial Llc
Po Box 94710
Palatine, IL 60094-4710


Frankin Credit Management
101 Hudson St
Jersey City, NJ 07302


LA Financial Credit Union
224 N Fair Oaks Ave
Pasadena, CA 91103


Midland Funding
2365 Northside Dr #300
San Diego, CA 92108


Monica Pulido & Wayne Henderson
c/o Arshak Bartoumian Esq
118 W Stocker St Ste 1
Glendale, CA 91202


Navient Solution
Po Box 9500
Wilkes Barre, PA 18773-9500


NCO Financial Systems
PO Box 15391
Wilmington, DE 19850

Ocwen Loan Servicing, LLC
Po Box 24738
West Palm Beach, FL 33416-4738


Southwestern & Pacific Speciality
228 E Palmdale Blvd
Palmdale, CA 93550


Troy M Mueller
3575 Cahuega Blvd West Suite 580
Los Angeles, CA 90068


USCB America Inc.
3333 Wilshire Blvd 7th Fl
Los Angeles, CA 90010


Wilshire Commercial Ca
4751 Wilshire Blvd Suite 100
Los Angeles, CA 90010

# EXHIBIT 1

# Ocwen Loan Servicing, LLC
### WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

We are here to help you!
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET

08/08/2016

Loan Number    7809



Dexter Stinson
Allison E Stinson
1901 Thistle Ave
Palmdale, CA 93550-7365

Property Address: 1901 Thistle Ave
Palmdale, CA 93550-7365

## RESPONSE LETTER
## YOUR LOSS MITIGATION OPTION(S) ARE ENCLOSED
### PLEASE READ CAREFULLY

Dear Customer(s),

Ocwen Loan Servicing, LLC has completed the review of your application for assistance and the financial information you provided. We have evaluated your loan for all available loss mitigation options.

Based on our review, we are able to offer you the following loss mitigation option(s).

| Your Loss Mitigation Option(s) |
| --- |
| Details for your option(s) are enclosed in this letter. Please review carefully. |

You are approved for the option below that will allow you to keep your home:

- **Loan Modification Trial Period Plan** with a new monthly payment of $1,102.26

You are also conditionally approved for these options below that will not allow you to keep your home, but will allow you to avoid foreclosure:

- **Conditional Short Sale**
- **Conditional Deed-in-Lieu of Foreclosure**

We are here to help! Abhishek Suvarna has been assigned as your relationship manager and will be your designated representative for resolution inquiries and submission of documents.

If you have any questions, please call your Relationship Manager Abhishek Suvarna toll-free at (800) 746-2936. We are available Monday through Friday 8:00 am to 9:00 pm, Saturday 8:00 am to 5:00 pm and Sunday 9:00 am to 9:00 pm ET.

---

NMLS # 1852

CFPBIOARMM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

*Exhibit 1*
*Page 1*



## Ocwen Loan Servicing, LLC
WWW.OCWEN.COM

*Helping Homeowners is What We Do!*™

We are here to help you!
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET

## HOW TO ACCEPT A LOSS MITIGATION OPTION
## PLEASE DON'T DELAY!

**To accept, you must do the following within 14 days of this notice, which is 08/22/2016:**

* Mark your option on the enclosed Loss Mitigation Acceptance Form, and SIGN and RETURN your Loss Mitigation Acceptance Form by Mail.

**Please Note -** FAILURE TO ACCEPT ONE OF THE OFFERED OPTIONS BY 08/22/2016 MAY BE DEEMED A REJECTION OF ALL OFFERED OPTIONS.

If you accept a loss mitigation option as set forth in this notice, we will not refer your loan to foreclosure or, if your loan has been referred to foreclosure, we will suspend the next legal action in the foreclosure proceedings.

**Please Note -** If you contact us to indicate that you accept the Trial Period Plan offer, but you subsequently fail to make the 1st Trial Period Plan payment by the 1st payment due date, and we do not receive the payment by the last day of the month in which it is due, this offer will be revoked and foreclosure proceedings may continue and a foreclosure sale may occur.

Sign and Return the enclosed Loss Mitigation Acceptance Form by Mail:

| Regular Mail |
| --- |
| Ocwen Loan Servicing, LLC<br>ATTN: Mortgage Assistance<br>1661 Worthington Road, Suite 100<br>West Palm Beach, Florida 33409 |

NMLS # 1852                                                                                    CFPBIOARMM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 1
Page 2



# Ocwen Loan Servicing, LLC

WWW.OCWEN.COM

*Helping Homeowners is What We Do!* ™

We are here to help you!
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET

## APPROVED LOSS MITIGATION OPTION

| | |
|---|---|
| **You are approved for a Loan Modification Trial Period Plan**<br>Acceptance of this option will allow you to keep your home | |
| Loan Modification Trial Period Plan - Monthly Payment of $1,102.26 | We are pleased to offer you an option for keeping your home - **a Loan Modification Trial Period Plan** ("Trial Period Plan") for a permanent mortgage modification.<br><br>**You are approved for a Trial Period Plan with a monthly mortgage payment of $1,102.26.**<br><br>If you successfully complete your Trial Period Plan, you will be eligible for review for a permanent modification. Trial Period Plan offer details are enclosed. Please read all enclosed materials carefully. We want to be sure you understand the actions you need to take to successfully complete your Trial Period Plan. |

NMLS # 1852

CFPBIOARMM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 1
Page 3



## Ocwen Loan Servicing, LLC
WWW.OCWEN.COM

*Helping Homeowners is What We Do!* ™

We are here to help you!
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET

## CONDITIONALLY APPROVED LOSS MITIGATION OPTIONS*

| | You are also conditionally approved for these Loss Mitigation Options* | |
|---|---|---|
| | Acceptance of any of these options will not allow you to keep your home, but will allow you to avoid foreclosure | |
| | **Short Sale** | **Deed-in-Lieu of Foreclosure (DIL)** |
| **Option Details** | List and sell your property at market value and we will release you from your mortgage debt, even if the sale price is lower than your mortgage debt.** | Transfer ownership of your property by signing over the deed/title to us, and we will release you from your mortgage debt. |
| **Benefits** | • Avoid the stress and potential costs of foreclosure.<br>• Sell the property with less negative impact to your credit than foreclosure or bankruptcy.<br>• You may be able eligible for relocation assistance if you qualify. | • Deed-in-Lieu is a quicker way to get out of the property without the hassle and the time and energy associated with listing and selling your house.<br>• You could walk away with no mortgage debt and less negative impact to your credit than foreclosure or bankruptcy.<br>• You may be eligible for relocation assistance if you qualify. |
| **Additional Documents Required from You<br>Send by Fax to<br>(407) 737-5693** | **You must send the documents listed below to us by 09/22/2016:**<br><br>1  Executed Listing Agreement.<br>2  Executed Purchase Contract following completion of the Assisted Short Sale Program.<br>3  The buyer's proof of funds or financing pre-approval letter.<br>4  Preliminary HUD-1 Settlement Statement. | |

*These offers are conditional. We are not able to guarantee final approval until we receive all the documents required for our final evaluation of your eligibility.

**A Short Sale transaction may result in a deficiency balance. A deficiency balance is the amount that you may still owe the lender if the proceeds from the short sale are not sufficient to pay in full the amount owed on your mortgage loan. We reserve the right to collect the deficiency balance.

NMLS # 1852

CFPBIOARMM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 1
Page 4

## Ocwen Loan Servicing, LLC

**WWW.OCWEN.COM**

*Helping Homeowners is What We Do!* ™

We are here to help you!
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET

---

### You are also conditionally approved for these Loss Mitigation Options*
Acceptance of any of these options will not allow you to keep your home, but will allow you to avoid foreclosure

| | Short Sale | Deed-in-Lieu of Foreclosure (DIL) |
|---|---|---|
| **Additional documents/ information we will request from 3rd parties prior to final approval** | Please note that final approval is conditioned upon receipt of the following documents/information from 3rd party providers:<br>• Valuation - an independent valuation of the property that verifies that the purchase price is greater than or equal to the fair market value of the property.<br>• Closing Costs - verification that closing costs associated with the transaction are reasonable and customary.<br>• If applicable, approval from the investor or mortgage insurer of your loan to proceed with the transaction. | Please note that final approval is conditioned upon receipt of the following documents/information from 3rd party providers:<br>• Valuation - an independent valuation of the property.<br>• Clear Title - a title search or history demonstrating clear title and in marketable condition.<br>• If applicable, approval from the investor or mortgage insurer of your loan to proceed with the transaction. |
| **Our Next Steps - After we receive all required documents from you** | After we receive all required documents, we will:<br>• Complete a review of the loan terms, investor requirements, and mortgage insurance requirements, if applicable.<br>• Work with you to complete an independent valuation review. A valuation agent will contact you or your designated agent for access to the property so that the valuation agent can set up an appointment.<br><br>If an offer is present, and after all documents/information have been received, we will issue a decision within 30 calendar days.<br><br>If we send you a final approval, you will have 14 calendar days from the date of receipt to provide signed written acceptance of the offer.<br><br>Failure to perform all actions required to accept the Short Sale offer will be deemed a rejection. | After we receive all required documents, we will:<br>• Complete a review of the loan terms, investor requirements, and mortgage insurance requirements, if applicable.<br>• Work with you to complete an independent valuation review. A valuation agent will contact you or your designated agent for access to the property so that the valuation agent can set up an appointment.<br><br>If we send you a final approval, you will have 14 calendar days from the date of receipt to provide signed written acceptance of the offer.<br><br>Failure to perform all actions required to accept the Deed-in-Lieu of Foreclosure offer will be deemed a rejection. |

*These offers are conditional. We are not able to guarantee final approval until we receive all the documents required for our final evaluation of your eligibility.

**Please fax the requested document(s) to (407) 737-5693.**

---

NMLS # 1852 CFPBIOARMM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 1
Page 5



# Ocwen Loan Servicing, LLC

WWW.OCWEN.COM

*Helping Homeowners is What We Do!* ™

We are here to help you!
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET

**Tax Consequences of Loss Mitigations Options**

Your acceptance of a Loan Modification, Short Sale, or Deed-in-Lieu of Foreclosure may result in federal, state, or local tax consequences to you and/or affect your eligibility for any public assistance benefits. We cannot advise you on these impacts and encourage you to contact a tax professional to discuss any questions you may have.

We are here to help! Abhishek Suvarna has been assigned as your relationship manager and will be your designated representative for resolution inquiries and submission of documents.

If you have any questions, please call your Relationship Manager Abhishek Suvarna toll-free at (800) 746-2936. We are available Monday through Friday 8:00 am to 9:00 pm, Saturday 8:00 am to 5:00 pm and Sunday 9:00 am to 9:00 pm ET.

NMLS # 1852                                                                                                    CFPBIOARMM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 1
Page 6



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

We are here to help you!
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET



## LOSS MITIGATION ACCEPTANCE FORM

### REMEMBER TIME IS OF THE ESSENCE, PLEASE DON'T DELAY!

Based on the option(s) presented in this notice, please select the option you would like to accept. Check the desired option below, then sign and return this Loss Mitigation Acceptance Form.

You may only choose **one** option:

☑ **I want to accept the Loan Modification Trial Period Plan offer.**

I decline the Loan Modification Trial Period Plan offer. Instead, I want to accept the offer below:

☐ Conditional Short Sale
☐ Conditional Deed-in-Lieu of Foreclosure

☐ **I want to reject all options in this notice.**

IMPORTANT! You must SIGN and RETURN this form to confirm your selection by **08/22/2016.**

**FAILURE TO RETURN THE SIGNED FORM BY 08/22/2016 MAY BE DEEMED A REJECTION OF THE OFFER.**

| SIGN HERE | *Dexter Stinson* 08/14/16 | SIGN HERE | 08/14/16 |
|---|---|---|---|
| | Dexter Stinson    Date(MM|DD|YY) | | Allison E Stinson    Date(MM|DD|YY) |

Sign and Return by Mail:

| Regular Mail |
|---|
| Ocwen Loan Servicing, LLC |
| ATTN: Mortgage Assistance |
| 1661 Worthington Road, Suite 100 |
| West Palm Beach, Florida 33409 |

NMLS # 1852                                                                CFPBIOARMM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 1
Page 7

✗ See attached

# California All-Purpose Certificate of Acknowledgment

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

**County of** Los Angeles ⎱ s.s.

On August 14, 2016 before me, Leslie F. Cox, Notary Public

Name of Notary Public, Title

personally appeared Dexter Stinson

Name of Signer (1)

Allison E. Stinson

Name of Signer (2)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Leslie F. Cox_
Signature of Notary Public

**LESLIE F. COX**
Commission No. 1998066
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires NOVEMBER 12, 2016

Seal

─── *OPTIONAL INFORMATION* ───

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

## Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a

document titled/for the purpose of _____

Loss Mittigation Acceptance Form

containing  1  pages, and dated  08/14/2016  .

The signer(s) capacity or authority is/are as:

☐ Individual(s)
☐ Attorney-in-fact
☐ Corporate Officer(s)

Title(s)

☐ Guardian/Conservator
☐ Partner - Limited/General
☐ Trustee(s)
☐ Other: _____

representing: _____

Name(s) of Person(s) Entity(ies) Signer is Representing

### Additional Information

Method of Signer Identification

Proved to me on the basis of satisfactory evidence:

☐ form(s) of identification  ☐ credible witness(es)

Notarial event is detailed in notary journal on:

Page # _____  Entry # _____

Notary contact: _____

Other

☐ Additional Signer  ☐ Signer(s) Thumbprints(s)

☐ _____

© 2009-2015 Notary Learning Center - All Rights Reserved    You can purchase copies of this form from our web site at www.TheNotaryStore.com

Exhibit 1
Page 8

# Ocwen Loan Servicing, LLC

WWW.OCWEN.COM

*Helping Homeowners is What We Do!* [TM]

We are here to help you!
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET

OCWEN

## PAYMENT REMITTANCE INFORMATION

**PLEASE DON'T FORGET TO:**

1.  Make checks payable to Ocwen Loan Servicing, LLC.
2.  Always include your loan number with your payment.

| Overnight Mail |
|---|

**Money Order, Personal Check, or Certified Check**

**Send To:** Ocwen Loan Servicing, LLC
Box # 660264
1010 W. Mockingbird Lane, Suite 100
Dallas, TX 75247

**Reference:** Ocwen Loan # 359107809

| Money Gram |
|---|

**ABA:** 121000248
**Receiver Code:** 2355
**Payable to:** Ocwen Loan Servicing, LLC
**City:** Orlando
**State:** Florida
**Reference:** Ocwen Loan # ▓▓▓7809
**Agent Locator:** (800) 926-9400

| Wire Transfer |
|---|

**Bank:** Wells Fargo Bank, NA
San Francisco, CA
**ABA:** 121000248
**Account Number:** ▓▓▓▓3352
**Account Name:** Ocwen Loan Servicing, LLC
**Reference:** Ocwen Loan # 359107809, Property Address, and Borrower Name
**Email:** Wire details to Transferfunds@ocwen.com

| Western Union |
|---|

**By WUQC:** Western Union Quick Collect
**Code City:** Ocwen
**State:** FL
**Reference:** Ocwen Loan # 359107809

NMLS # 1852

CFPBIOARMM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 1
Page 9



# Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

**We are here to help you!**
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET



## NON-APPROVAL NOTICE

After careful review of the information you provided, we were not able to approve you for the Loss Mitigation options below:

| Loss Mitigation Option | Non-Approval Reason |
| --- | --- |
| Home Affordable Modification Program – Tier 1 | We are unable to offer you a Home Affordable Modification because: The owner of your loan does not participate in the government's HAMP program. Please note, not all eligibility factors were evaluated. |
| Home Affordable Modification Program – Tier 2 | We are unable to offer you a Home Affordable Modification because: The owner of your loan does not participate in the government's HAMP program. Please note, not all eligibility factors were evaluated. |
| Shared Appreciation Modification Program | We are unable to offer you a Shared Appreciation Modification because: The Owner of your loan either does not allow principal reduction or does not participate in the Shared Appreciation Modification program. Please note, not all eligibility factors were evaluated. |

According to our records, the owner of your loan is: Wells Fargo Bank, N.A., As Trustee For Holders Of Impac Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2004-4.

NMLS # 1852

CFPBIOARMM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 1
Page 10



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

We are here to help you!
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET

## NON-APPROVAL ADDITIONAL ASSISTANCE

**What should you do if you disagree with the reason(s) for non-approval and want to appeal?**
If you disagree with the reason(s) for non-approval of any loan modification option, you have the right to appeal. To appeal, you have 30 days from the date of this notice to send a written explanation and supporting documentation to substantiate your findings. Please send a copy of this letter, along with any supporting documents, to:

Ocwen Loan Servicing, LLC
Escalations Department
P.O. Box 785061
Orlando, FL 32878-5061
Email: escalatedcases@ocwen.com

No foreclosure sale will be conducted, and you will not lose your home during this 30-day period. However, please note the foreclosure sale may not be suspended for this 30-day period if, despite our reasonable attempts to delay the sale, the court with jurisdiction over the foreclosure proceedings, or the bankruptcy court in a bankruptcy case, or the public official charged with carrying out the sale fails or refuses to halt the sale.

If you choose to appeal our decision, the loss mitigation option(s) offered to you in this notice will remain available pending the outcome of your appeal.

If you wait to accept the loss mitigation option(s) offered to you in this notice until after receiving our appeal decision, your loan will become more delinquent. Any unpaid interest and other unpaid amounts, such as escrows for taxes and insurance, will continue to accrue on your mortgage loan during the appeal. In that event, the payment amounts and due dates of your initial loss mitigation option(s) may be adjusted.

NMLS # 1852                                                                                                    CFPBIOARMM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 1
Page 11



## Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

**We are here to help you!**
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET

OCWEN

## YOUR RIGHTS UNDER THE FAIR CREDIT REPORTING ACT

We have carefully considered your request.

A consumer report was used in making the modification decision. The consumer reporting agency listed below provided information that in whole or in part influenced the decision. The reporting agency played no part in the decision and is unable to supply specific reasons why your request for a modification was denied. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you received is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency. Any questions regarding such information should be directed to the agency listed below.

Any questions regarding such information should be directed to Experian.

Experian
P.O. Box 2002
Allen, TX 75013
(888) 397-3742

NMLS # 1852
CFPBIOARMM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhisit 1
Page 12



## Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* [tм]

We are here to help you!
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET

### HELP IS AVAILABLE

We are here to help! Abhishek Suvarna has been assigned as your relationship manager and will be your designated representative for resolution inquiries and submission of documents.

If you have any questions, please call your Relationship Manager Abhishek Suvarna toll-free at (800) 746-2936. We are available Monday through Friday 8:00 am to 9:00 pm, Saturday 8:00 am to 5:00 pm, or Sunday 9:00 am to 9:00 pm ET.

If you would like to submit a qualified written request, a notice of error or a request for information, you must use the following address:

Ocwen Loan Servicing, LLC
Attention: Research Department
P.O. Box 24736
West Palm Beach, FL 33416-4736

### FOR ADDITIONAL ASSISTANCE

When you are experiencing a financial hardship, housing counseling may be a way to help you manage your finances. We urge you to contact HUD approved agencies to obtain assistance in keeping your home. Help is free - this assistance is available at no charge to you. For specific guidance on this notice or information related to the Home Affordable Modification Program, ask the counselor for MHA HELP.

| HUD Approved Housing Counseling | (800) 569-4287 | www.HUD.gov |
| Homeowner's HOPE Hotline Number | (888) 995-4673 | www.hopenow.com |
| Making Home Affordable Program | | www.makinghomeaffordable.gov |
| Fannie Mae Assistance Program | | www.knowyouroptions.com |

---

NMLS # 1852                                                                                   CFPBIOARMM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 1
Page 13



**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

We are here to help you!
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET

## ADDITIONAL LEGAL DISCLOSURES

**Notice Regarding Bankruptcy:** Please be advised that if you are part of an active Bankruptcy case or if you have received an Order of Discharge from a Bankruptcy Court, this letter is in no way an attempt to collect either a pre-petition, post-petition or discharged debt. If your bankruptcy case is still active, no action will be taken in willful violation of the Automatic Stay. If you have received an Order of Discharge in a Chapter 7 case, any action taken by us is for the sole purpose of protecting our lien interest in the underlying mortgaged property and is not an attempt to recover any amounts from you personally. Finally, if you are in an active Chapter 11, 12 or 13 bankruptcy case and an Order for Relief from the Automatic Stay has not been issued, you should continue to make payments in accordance with your plan.

**Notice:** The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national original, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is Federal Trade Commission, Equal Credit Opportunity, Washington, D.C. 20580.

**Tax Consequences of Loss Mitigations Options:** Your acceptance of a Loan Modification, Short Sale, or Deed-in-Lieu of Foreclosure may result in federal, state, or local tax consequences to you and/or affect your eligibility for any public assistance benefits. We cannot advise you on these impacts and encourage you to contact a tax professional to discuss any questions you may have.

NMLS # 1852                                                                                                                    CFPBIOARMM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 1
Page 14

# Ocwen Loan Servicing, LLC

WWW.OCWEN.COM

*Helping Homeowners is What We Do!* ™

We are here to help you!
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET

OCWEN

08/08/2016

Loan Number: 

Dexter Stinson
Allison E Stinson
1901 Thistle Ave
Palmdale, CA 93550-7365

Property Address: 1901 Thistle Ave
Palmdale, CA 93550-7365

Dear  Dexter Stinson
Allison E Stinson

**Congratulations! Your request for a loan modification has been approved subject to the following:**

- Receipt of  $0.00 (for items owed that cannot be added in the loan amount)
- Receipt of the signed and (if applicable) notarized and/or witnessed loan modification agreement and any attachments.
- Receipt of clear title, if applicable.

Highlights of the enclosed Modification Agreement and instructions for completing and returning it are as follows:

- The amount of $0.00 (for items owed that cannot be included in the loan amount) is due in our office by 09/01/2016.
- The interest rate is 3.00000%.
- This modification may incorporate principal deferment of $0.00 that will result in a principal payment that will be due when the term of your loan expires 12/01/2034 (Maturity Date).
- This type of modification may incorporate some forgiveness of principal resulting in a reduction of your New Principal Balance. The amount of your principal forgiveness will be $0.00. **This may result in a tax consequence to you and we encourage you to contact a tax professional to discuss any questions you may have.**
- The first modified payment begins 10/01/2016. To accept this offer you may return the modification agreement along with payment of **$1,102.26, which will be applied towards your first payment after the modification executes. This amount is not your new regular payment, as an escrow analysis will be run upon receipt and execution of this offer.**
- **Modified payment amount**

  | | |
  |---|---|
  | Interest Only | $682.04 |
  | Escrow | $420.22 |
  | **Total Payment** | **$1,102.26** |

- **If executing an ink signature (paper), enclosed are multiple copies of the Modification Agreement; please retain one copy for your records and return all other original Modification Agreements. You must sign and return the Modification Agreements to us in the enclosed, pre-paid envelope. The signed Modification Agreement must be received in our office on or before 09/01/2016.** If the Modification Agreements have notary provisions at the end; do NOT sign the enclosed Loan Modification Agreements unless you are in the presence of a notary. These documents must be signed in the presence of a notary and (if applicable) other witnesses. All of the documents must be executed by all parties included in the document and the signatures must be exactly as the names are typed. If you do not send the Modification

---

NMLS # 1852

CFPBIOARMM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 1
Page 15



## Ocwen Loan Servicing, LLC
WWW.OCWEN.COM

*Helping Homeowners is What We Do!* ™

**We are here to help you!**
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET

Agreements and $0.00 (for items owed that cannot be added in the loan amount) (if applicable) by the above due date, you must contact us if you still wish to have your loan modified.

- Any delays in receipt of Trial Period payments, if applicable, may have increased the delinquent interest capitalized, which would have impacted all the balances calculated within the proposed modification.

- If any modification closing costs are more than projected, the difference will be assessed to the account.

- All miscellaneous fees and costs – excluding late charges – may not have been included in the loan modification and will remain outstanding, which may include title and recording costs when applicable.

- We are required to report factual information to the credit reporting agencies. Upon completion of the modification, when we next report your loan to the credit agencies, we will report your loan as modified. If you fail to successfully complete the modification and your loan is not permanently modified, accurate reporting will continue including any adverse reporting.

- For loans with mortgage insurance, the mortgage insurance premium may be subject to change following permanent modification. Any change would be proportionate to the modified loan amount, including any deferred balance, and would be reflected in a future escrow analysis following permanent modification.

- It is expressly understood and agreed that all parties are responsible for all of his/her attorneys' fees and costs in any foreclosure action that may be currently pending and subsequently dismissed as a result of this Agreement and that no claim therefore shall be subsequently made against Ocwen Loan Servicing, LLC.

The signed loan modification documents and $0.00 (for items owed that cannot be added in the loan amount) must be received in our office on or before 09/01/2016.

Ocwen Loan Servicing, LLC
ATTN: Mortgage Assistance
1661 Worthington Road, Suite 100
West Palm Beach, Florida 33409

IMPORTANT! The loan modification will not be complete until we receive all properly executed documents and the contribution amount. If the modification is not completed we will continue to enforce our lien. If the conditions outlined above are not satisfied the modification will be withdrawn.

If you have any questions you may contact us at (800) 746-2936, Monday through Friday 8:00 am to 9:00 pm, Saturday 8:00 am to 5:00 pm and Sunday 9:00 am to 9:00 pm ET.

Abhishek Suvarna has been assigned as your relationship manager and will be your designated representative for resolution inquiries and submission of documents.

**Note:** This is an attempt to collect a debt and any information obtained will be used for that purpose.

**Notice Regarding Bankruptcy:** If you are currently involved in a bankruptcy proceeding or have been discharged of your personal liability for the repayment of this debt, this notice is being provided for informational purposes only and is not an attempt to collect a pre-petition or discharged debt. Any action taken by us is for the sole purpose of protecting our lien interest in your property and is not to recover any amounts from you personally. If you have surrendered your property during your bankruptcy case, please disregard this notice.

NMLS # 1852                                                                                                        CFPBIOARMM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 1
Page 16



## Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

**We are here to help you!**
Call toll-free (800) 746-2936
Mon - Fri 8:00am - 9:00pm, Sat 8:00am - 5:00pm
Sun 9:00am - 9:00pm ET

**Note:** If you are currently in bankruptcy under Chapter 13, you should continue to make payments in accordance with your Chapter 13 Plan and disregard this notice.

NMLS # 1852

CFPBIOARMM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 1
page 17

Investor Loan #: ~~3⬛⬛⬛⬛⬛⬛⬛~~

**After Recording Return To:**
Ocwen Loan Servicing, LLC
**ATTN: Mortgage Assistance**
1661 Worthington Road, Suite 100
West Palm Beach, Florida 33409

_____*[Space Above This Line For Recorder's Use]*_____

# INTEREST ONLY ADJUSTABLE RATE LOAN MODIFICATION AGREEMENT

This Interest Only Adjustable Rate Loan Modification Agreement ("Agreement") made this 09/01/2016 between Dexter Stinson Allison E Stinson , ("Borrower") and Ocwen Loan Servicing, LLC  Lender\Servicer or Agent for Lender\Servicer ("Lender"), amends and supplements that certain promissory note ("Note") dated 11/03/2004 in the original principal amount of $236,000.00 executed by Borrower. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, in the real property records of LOS ANGELES County, CA. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 1901 Thistle Ave Palmdale, CA 93550-7365, which real property is more particularly described as follows:

### (Legal Description – Attach as Exhibit if Recording Agreement)

Borrower acknowledges that Lender is the legal holder and the owner, or agent\servicer for the legal holder and the owner of the Note, and Security Instrument and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Exhibit 1
Page 18



Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and secured by the Security Instrument (the "Principal Balance") is $272,817.06. Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of the Lender the Principal Balance which consists of the amount(s) loaned to Borrower by Lender plus any accrued and unpaid amounts due under the Note or Security Instrument capitalized by Lender. Borrower also agrees to pay any unpaid interest and taxes, insurance premiums and other costs or expenses that Lender has paid to protect or enforce its interest in, or otherwise due under, the Note and the Security Instrument.

2. Interest will be charged on the new unpaid Principal Balance until the full amount of principal has been paid. Borrower will pay interest at a yearly rate of 3.00000% beginning on 09/01/2016. The interest rate Borrower will pay will change in accordance with this Agreement. The interest rate required by this Agreement is the rate Borrower will pay both before and after any default under the terms of the Note, as amended by this Agreement.

3. Borrower promises to make a payment every month. This monthly payment will consist of interest only payments of $682.04 starting on 10/01/2016 and ending on 09/01/2021 (the 'Interest Only Payment Period'). Thereafter Borrower will begin making payments consisting of principal and interest for the remaining term of the loan. The date of the borrower's first payment consisting of both principal and interest shall be 10/01/2021. Borrower will make these payments every month until all of the principal and interest and any other charges that Borrower may owe under this Agreement have been repaid. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest, it will be applied to interest before Principal. If on 12/01/2034 ("Maturity Date"), Borrower still owes any amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date. Borrower will make such payments at Box # 660264, 1010 W. Mockingbird Lane, Suite 100, Dallas, TX 75247 or at such other place as Lender may require.

4. The monthly payment may change based on changes in the unpaid principal of the loan and/or in the interest rate. Lender will determine the new interest rate and the change in the amount of the monthly payment in accordance with this Agreement. The interest rate may change on 09/01/2021 and on that day every 6 months thereafter. Each date on which the interest rate could change is called a "Change Date".

5. Beginning with the next Change Date, any change in the borrower's interest rate, will be based on a change in an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London Market ("LIBOR") as published in The Wall Street Journal. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index". If the Index is no longer available, the lender will choose a new index which is based upon comparable information, as provided for in the Note. Lender will give Borrower notice of this choice.

6. Before each Change Date, Lender will calculate the new interest rate by adding 2.50000% to the Current Index. Lender will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated below, this rounded amount will be the new interest rate until the next Change Date. Lender will then determine, as applicable, (i) The amount of the monthly interest only payment based on the unpaid principal balance and the new interest rate, if still within the Interest Only Payment Period, or (ii) The amount of the monthly principal and interest payment that would be sufficient to repay the unpaid principal that Borrower is expected to owe at the Change Date

Exhibit 1
Page 19

in full on the Maturity Date at the new interest rate in substantially equal payments, if after the Interest Only Payment Period. The result of this calculation will be the new amount of the monthly payment. Borrower will pay the amount of the new monthly payment beginning on the first monthly payment date after the Change Date until the amount of the monthly payment changes again. The monthly payments will be applied first to the payment of interest due and then to principal.

7. The interest rate will never be increased or decreased on any single Change Date by more than one percentage points (1 %) from the rate of interest Borrower has been paying for the preceding 6 months. The interest rate will never be greater than 12.12500%.

8. Before the effective date of any change, Lender will deliver or mail to Borrower notice of any changes in the interest rate and the amount of the monthly payment. The notice will include information required by law to be given to Borrower and also the title and telephone number of a person who will answer any questions Borrower may have. Unless applicable law requires a different method, any notice that must be given to Borrower under this Agreement will be given by delivering it or mailing it by first class mail to Borrower at the property address stated above or at a different address if Borrower gives Lender notice of Borrower's different address. Any notice that must be given to Lender under this Agreement will be given by mailing it first class mail to the Lender at the address stated in Paragraph 3 above or at a different address if Borrower is given notice of that different address.

9. If Lender has not received the full amount of any monthly payment within the grace period provided for in the original Note or as otherwise provided for by law, Borrower will pay a late payment fee to "Lender" in an amount calculated based on the late charge percentage provided for in the original Note, or as otherwise provided for by law, and the monthly payment required under this Agreement, with a maximum as provided for in the Note, or otherwise provided by law. Borrower will pay this late charge promptly, but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

10. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

11. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without "Lender's" prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by "Lender" if such exercise is prohibited by applicable law. If Lender exercises this option, "Lender" shall give Borrower notice of acceleration and \or any other notices that may be required by law. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, "Lender" may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

12. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the

Exhibit 1
Page 20

event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

13. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement.

EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

Exhibit 1
Page 21

## BORROWER ACKNOWLEDGEMENT

Each of the Borrower(s) and the Lender acknowledge that no representations, agreements or promises were made by the other party or any of its representatives other than those representations, agreements or promises specifically contained herein. This Agreement, and the Note and Security Instrument (as amended hereby) set forth the entire understanding between the parties. There are no unwritten agreements between the parties.

All individuals on the mortgage, note and the property title must sign this Agreement.

_8-14-16_
Date

_8·14·16_
Date

_Dexter Stinson_

_Allison E Stinson_

Exhibit 1
Page 22

\* See attached

# California All-Purpose Certificate of Acknowledgment

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

**County of** Los Angeles                          } s.s.

On August 14,2016 _____ before me, _____ Leslie F. Cox, Notary Public _____
                                                          Name of Notary Public, Title

personally appeared _____ Dexter Stinson _____
                                          Name of Signer (1)

                    Allison E. Stinson
                          Name of Signer (2)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
        Signature of Notary Public

**LESLIE F. COX**
Commission No. 1998086
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires NOVEMBER 12, 2016

Seal

---------------- OPTIONAL INFORMATION ----------------

*Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.*

## Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a

document titled/for the purpose of _____

Borrowers Acknowledgement

containing __1__ pages, and dated ___08/14/2016___

The signer(s) capacity or authority is/are as:

☐ Individual(s)
☐ Attorney-in-fact
☐ Corporate Officer(s) _____
                                    Title(s)

☐ Guardian/Conservator
☐ Partner - Limited/General
☐ Trustee(s)
☐ Other: _____

representing: _____
        Name(s) of Person(s) Entity(ies) Signer is Representing

### Additional Information

Method of Signer Identification

Proved to me on the basis of satisfactory evidence:

☐ form(s) of identification ☐ credible witness(es)

Notarial event is detailed in notary journal on:

        Page # _____ Entry # _____

Notary contact: _____

Other

☐ Additional Signer ☐ Signer(s) Thumbprints(s)

☐ _____

© 2009-2015 Notary Learning Center - All Rights Reserved    You can purchase copies of this form from our web site at www.TheNotarysStore.com

Exhibit 1
Page 23

## LENDER ACKNOWLEDGEMENT
### (For Lender's Signature Only)

Lender acknowledges that no representations, agreements or promises were made or any of its representations other than those representations, agreements or promises specifically contained herein. This Agreement, and the Note and Security Instrument (as amended hereby) set forth the entire understanding between the parties. There are no unwritten agreements between the parties.

Loan Servicing


Authorized Officer


Date

Exhibit 1
Page 24

Investor Loan # 

**After Recording Return To:**
Ocwen Loan Servicing, LLC
**ATTN: Mortgage Assistance**
1661 Worthington Road, Suite 100
West Palm Beach, Florida 33409

———————————————————*[Space Above This Line For Recorder's Use]*———————————————————

# INTEREST ONLY ADJUSTABLE RATE LOAN MODIFICATION AGREEMENT

This Interest Only Adjustable Rate Loan Modification Agreement ("Agreement") made this 09/01/2016 between Dexter Stinson Allison E Stinson , ("Borrower") and Ocwen Loan Servicing, LLC  Lender\Servicer or Agent for Lender\Servicer ("Lender"), amends and supplements that certain promissory note ("Note") dated 11/03/2004 in the original principal amount of $236,000.00 executed by Borrower. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, in the real property records of LOS ANGELES County, CA. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 1901 Thistle Ave Palmdale, CA 93550-7365, which real property is more particularly described as follows:

## (Legal Description – Attach as Exhibit if Recording Agreement)

Borrower acknowledges that Lender is the legal holder and the owner, or agent\servicer for the legal holder and the owner of the Note, and Security Instrument and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Page 1

Exhibit 1
Page 25

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.  Borrower acknowledges that as of the Effective Date, the amount payable under the Note and secured by the Security Instrument (the "Principal Balance") is $272,817.06. Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of the Lender the Principal Balance which consists of the amount(s) loaned to Borrower by Lender plus any accrued and unpaid amounts due under the Note or Security Instrument capitalized by Lender. Borrower also agrees to pay any unpaid interest and taxes, insurance premiums and other costs or expenses that Lender has paid to protect or enforce its interest in, or otherwise due under, the Note and the Security Instrument.

2.  Interest will be charged on the new unpaid Principal Balance until the full amount of principal has been paid. Borrower will pay interest at a yearly rate of 3.00000% beginning on 09/01/2016. The interest rate Borrower will pay will change in accordance with this Agreement. The interest rate required by this Agreement is the rate Borrower will pay both before and after any default under the terms of the Note, as amended by this Agreement.

3.  Borrower promises to make a payment every month. This monthly payment will consist of interest only payments of $682.04 starting on 10/01/2016 and ending on 09/01/2021 (the 'Interest Only Payment Period'). Thereafter Borrower will begin making payments consisting of principal and interest for the remaining term of the loan. The date of the borrower's first payment consisting of both principal and interest shall be 10/01/2021. Borrower will make these payments every month until all of the principal and interest and any other charges that Borrower may owe under this Agreement have been repaid. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest, it will be applied to interest before Principal. If on 12/01/2034 ("Maturity Date"), Borrower still owes any amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date. Borrower will make such payments at Box # 660264, 1010 W. Mockingbird Lane, Suite 100, Dallas, TX 75247 or at such other place as Lender may require.

4.  The monthly payment may change based on changes in the unpaid principal of the loan and/or in the interest rate. Lender will determine the new interest rate and the change in the amount of the monthly payment in accordance with this Agreement. The interest rate may change on 09/01/2021 and on that day every 6 months thereafter. Each date on which the interest rate could change is called a "Change Date".

5.  Beginning with the next Change Date, any change in the borrower's interest rate, will be based on a change in an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London Market ("LIBOR") as published in The Wall Street Journal. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index". If the Index is no longer available, the lender will choose a new index which is based upon comparable information, as provided for in the Note. Lender will give Borrower notice of this choice.

6.  Before each Change Date, Lender will calculate the new interest rate by adding 2.50000% to the Current Index. Lender will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated below, this rounded amount will be the new interest rate until the next Change Date. Lender will then determine, as applicable, (i) The amount of the monthly interest only payment based on the unpaid principal balance and the new interest rate, if still within the Interest Only Payment Period, or (ii) The amount of the monthly principal and interest payment that would be sufficient to repay the unpaid principal that Borrower is expected to owe at the Change Date

Exhibit 1
Page 26

in full on the Maturity Date at the new interest rate in substantially equal payments, if after the Interest Only Payment Period. The result of this calculation will be the new amount of the monthly payment. Borrower will pay the amount of the new monthly payment beginning on the first monthly payment date after the Change Date until the amount of the monthly payment changes again. The monthly payments will be applied first to the payment of interest due and then to principal.

7.  The interest rate will never be increased or decreased on any single Change Date by more than one percentage points (1 %) from the rate of interest Borrower has been paying for the preceding 6 months. The interest rate will never be greater than 12.12500%.

8.  Before the effective date of any change, Lender will deliver or mail to Borrower notice of any changes in the interest rate and the amount of the monthly payment. The notice will include information required by law to be given to Borrower and also the title and telephone number of a person who will answer any questions Borrower may have. Unless applicable law requires a different method, any notice that must be given to Borrower under this Agreement will be given by delivering it or mailing it by first class mail to Borrower at the property address stated above or at a different address if Borrower gives Lender notice of Borrower's different address. Any notice that must be given to Lender under this Agreement will be given by mailing it first class mail to the Lender at the address stated in Paragraph 3 above or at a different address if Borrower is given notice of that different address.

9.  If Lender has not received the full amount of any monthly payment within the grace period provided for in the original Note or as otherwise provided for by law, Borrower will pay a late payment fee to "Lender" in an amount calculated based on the late charge percentage provided for in the original Note, or as otherwise provided for by law, and the monthly payment required under this Agreement, with a maximum as provided for in the Note, or otherwise provided by law. Borrower will pay this late charge promptly, but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

10. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

11. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without "Lender's" prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by "Lender" if such exercise is prohibited by applicable law. If Lender exercises this option, "Lender" shall give Borrower notice of acceleration and \or any other notices that may be required by law. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, "Lender" may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

12. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the

Exhibit 1
Page 27

event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

13. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement.

EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

Exhibit 1
Page 28

## BORROWER ACKNOWLEDGEMENT

Each of the Borrower(s) and the Lender acknowledge that no representations, agreements or promises were made by the other party or any of its representatives other than those representations, agreements or promises specifically contained herein. This Agreement, and the Note and Security Instrument (as amended hereby) set forth the entire understanding between the parties. There are no unwritten agreements between the parties.

All individuals on the mortgage, note and the property title must sign this Agreement.

8·14·16
_____          _____
Date                             Dexter Stinson

8·14·16
_____          _____
Date                             Allison E Stinson

✗ See attached

Exhibit 1
Page 29

# California All-Purpose Certificate of Acknowledgment

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

**State of California**

**County of** Los Angeles

} s.s.

On August 14, 2016 before me, Leslie F. Cox, Notary Public
_Name of Notary Public, Title_

personally appeared Dexter Stinson
_Name of Signer (1)_

Allison E. Stinson
_Name of Signer (2)_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Signature of Notary Public_

**LESLIE F. COX**
Commission No. 1998066
NOTARY PUBLIC-CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires NOVEMBER 12, 2016

Seal

────── OPTIONAL INFORMATION ──────

_Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document._

## Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of _____

**Borrowers Acknowledgement**

containing __1__ pages, and dated __08/14/2016__ .

The signer(s) capacity or authority is/are as:

☐ Individual(s)
☐ Attorney-in-fact
☐ Corporate Officer(s) _____
_Title(s)_

☐ Guardian/Conservator
☐ Partner - Limited/General
☐ Trustee(s)
☐ Other: _____

representing: _____
_Name(s) of Person(s) or Entity(ies) Signer is Representing_

### Additional Information

Method of Signer Identification

Proved to me on the basis of satisfactory evidence:

☐ form(s) of identification ☐ credible witness(es)

Notarial event is detailed in notary journal on:

Page # _____ Entry # _____

Notary contact: _____

Other

☐ Additional Signer ☐ Signer(s) Thumbprints(s)

☐ _____

© 2009-2015 Notary Learning Center - All Rights Reserved    You can purchase copies of this form from our web site at www.TheNotarysStore.com

Exhibit 1
Page 30

## LENDER ACKNOWLEDGEMENT
### (For Lender's Signature Only)

Lender acknowledges that no representations, agreements or promises were made or any of its representations other than those representations, agreements or promises specifically contained herein. This Agreement, and the Note and Security Instrument (as amended hereby) set forth the entire understanding between the parties. There are no unwritten agreements between the parties.

Loan Servicing

Authorized Officer

Date

Exhibit 1
Page 31

1661 Worthington Road Suite 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

*Helping Homeowners is What We Do!*

09/07/2016

Loan Number: 359107809
Case Number - 16-BK-17529-BB

Dexter Stinson
Allison E Stinson
1901 Thistle Ave
Palmdale, CA 93550-7365

Property Address: 1901 Thistle Ave
Palmdale, CA 93550-7365

## Changes to Mortgage Interest Rate and Payment on 11/01/2016

Under the terms of the Adjustable-Rate Mortgage (ARM), there is a 6 month period during which the interest rate stayed the same. That period ends on 10/01/2016, and the interest rate may change. After that, the interest rate may change every 6 month(s) for the rest of the loan term. Any change in the interest rate may also change the mortgage payment.

| | Current Rate and monthly Payment | New Rate and monthly Payment |
|---|---|---|
| Interest Rate | 3.37500% | 3.75000% |
| Principal | $742.84 | $717.57 |
| Interest | $631.27 | $699.08 |
| Escrow (Taxes and Insurance) | $724.38 | $724.38 |
| Total monthly Payment | $2,098.49 | $2,141.03 (Due 11/01/2016) |

**Interest Rate**: We calculated the interest rate by taking a published "index rate" and adding the "margin". Under the loan agreement, the index rate is 1.24450% and the margin is 2.50000%. The 6 LIBOR 1ST BUS DAY is published Monthly in WallStreet Journal. The calculated amount is rounded by 0.12500%.

**Rate Limit(s)**: The rate cannot go higher than 12.12500%, or lower than 2.50000% over the life of the loan. The rate can change each time by no more than 1.00000%.

**New Interest Rate and Monthly Payment**: The table above shows the new interest rate and new monthly payment. These amounts are based on the 6 LIBOR 1ST BUS DAY as of now, the margin 2.50000%, to the index, the loan balance of $223,707.17, and the remaining loan term of 218 months.

**Prepayment Penalty**: None

NMLS # 1852

ARMBKM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Exhibit 1
Page 32